JS 44 (Rev. 07/16)

17-CV-0414

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17 0414

## I. (a) PLAINTIFFS

JAMIE MILES

**(b)** County of Residence of First Listed Plaintiff PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen T. O'Hanlon, O'Hanlon Law Firm, 1500 JFK Blvd., Suite 1850, Philadelphia, PA 19102.

## DEFENDANTS

THE CITY OF PHILADELPHIA, CHARLES RAMSEY

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
LAW DEPT. OF PHILADELPHIA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII

Brief description of cause:
Gender discrimination, retaliation, hostile work environment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 2,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

JAN 30 2017

DATE
01/30/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: C/O O'HANLON LAW FIRM 17 0414

Address of Defendant: C/O LAW DEPT.

Place of Accident, Incident or Transaction: PHILADELPHIA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, STEPHEN T. O'HANLON, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 1/30/17 [signature] Attorney-at-Law 208428 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN 30 2017

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 1/30/17 [signature] STEPHEN T. O'HANLON Attorney-at-Law 208428 Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

JAMIE MILES : CIVIL ACTION

v.

CITY OF PHILADELPHIA
CHARLES RAMSEY : NO. 17 0414

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 1/30/17 | Stephen T. O'Hanlon | Plaintiff Miles |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267·546·9066 | 215·567·1998 | steve@ohanlonlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 30 2017

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

17 0414

| | | |
|---|---|---|
| JAMIE MILES, | : | Civil No.: ______________ |
| Plaintiff, | : | |
| *v.* | : | |
| THE CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| -and- | : | |
| COMMISSIONER CHARLES RAMSEY, | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Jamie Miles, by and through her undersigned counsel, the O'Hanlon Law Firm, P.C., hereby demands a trial by jury and complains against the above-captioned Defendants, the individual Defendant in his individual capacity acting under color of state law as well as acting as a policymaker and the City acting as employer and pursuant to Constitutional-violating customs and policies as follows:

**PRELIMINARY STATEMENT**

1. This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* for claims of employment discrimination based upon gender and retaliation and claims are brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of Plaintiff's Fourteenth Amendment Equal Protection Clause rights. Plaintiff is seeking damages to redress the deprivation of her rights from discriminatory employment practices on the basis of gender, hostile work environment, and retaliation, by Defendant, the City of Philadelphia, through its practices and customs, and resulting in a deprivation of benefits, privileges, terms, and conditions of employment owed to Plaintiff by Defendant, the City of Philadelphia, which are

enjoyed by male employees but that were denied to Plaintiff, a female. The latter also constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* against Defendant the City of Philadelphia as employer of Plaintiff, Plaintiff having continually complained about the allegations contained herein without any appropriate remedial action taken by Defendant the City of Philadelphia.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), wherein Plaintiff resides, Defendants regularly conduct business and/or reside and where all the wrongful conduct occurred.

**PARTIES**

3. Plaintiff, Jamie Miles, is an adult female citizen of the United States and resides in Philadelphia County, Pennsylvania and is a former officer of the Philadelphia Police Department ("PPD").

4. Defendant, the City of Philadelphia, is a municipal corporation and the public employer or former employer of Plaintiff.

5. Defendant Police Commissioner, Charles H. Ramsey (hereinafter "Defendant Ramsey"), is the former Chief of Police and, therefore, the former chief executive officer and policymaker of the PPD.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff was an officer with the PPD since April of 2003.

7. Plaintiff was terminated from the PPD in November of 2011 by Defendant Ramsey.

This followed a period of ongoing sexual harassment by Plaintiff's former supervisor, Corporal Juan Vega ("Vega") and an instance wherein Plaintiff put some false information on some paperwork.

8. Plaintiff was eventually reinstated as a Philadelphia Police Officer on or about May 8, 2013 but did not return to work until the end of July, 2013.

9. On December 31, 2013, settlement occurred in a federal lawsuit wherein present Plaintiff was the plaintiff and present Defendant the City of Philadelphia was a defendant as of Eastern District of Pennsylvania docket, 11-cv-4040.

10. At the end of June 2013, Plaintiff returned to work with the PPD following a period of pretextual termination because of Plaintiff's sexual harassment complaints against supervising officers.

11. Prior to Plaintiff's federal settlement, Plaintiff was also falsely accused of misusing sick leave and was repeatedly sent to the City's Health Provider Offices at 19th and Fairmount in Philadelphia. Sick pay was subtracted from Plaintiff's pay without justification.

12. Upon return to work, Plaintiff was issued 75-18 Notice of a Disciplinary Hearing relating to false accusations of being AWOL. Plaintiff was sent to a Police District approximately 1.5 hours / 25 miles from her home. Other male officers, for example Officer Burns, also lived a far distance from work and but were not marked late and no vacation time was taken from them in contrast to Plaintiff.

13. A supervising Lieutenant, Michael Reilly, continuously sick checked Plaintiff and wrote up Plaintiff for no reason and made Plaintiff sign inaccurate paperwork. Vacation time was deducted when Plaintiff was a few minutes late for work and this did not happen to male coworkers

or female workers that were not suffering retaliation. Requests for reasonable accommodations were denied and Plaintiff had to drop off her children prior to work.

14. Disciplinary forms, 75-18s, were signed by an old captain, Captain Dennis Gallagher, who was a named party in the prior federal Complaint.

15. From July 2013 until Plaintiff was injured on duty in January of 2014, Plaintiff was issued counseling memorandums and several sick checks with counseling memorandums for sick check violations although Plaintiff did not violate a sick check.

16. On May 28, 2014, Plaintiff's boyfriend and daughter were in a minor vehicle accident. Plaintiff wished to submit a police report regarding what she was told about the incident. She was not permitted to do at the 8th Police District. Plaintiff subsequently submitted a police report which contained only information provided by her boyfriend and daughter. None of this information was, therefore, false. Regardless, Plaintiff was charged with submitting false reports and abuse of authority. A Police Board of Inquiry ("PBI") hearing was conducted on September 8, 2015. Discipline of a few days suspension was recommended by the Panel. Defendant Ramsey instead terminated Plaintiff indicating discrimination since no similarly-placed male officer would have been terminated for such alleged wrongdoing and retaliation because Defendant Ramsey had previously terminated Plaintiff and, despite Plaintiff's return to work ordered by an arbitrator, Defendant Ramsey wanted to show who was boss in stark contrast to his ongoing acceptance of outrageous conduct by similarly-placed male employees including sexual harassers of Plaintiff. Plaintiff was not permitted to explain the prior history of gender discrimination at her PBI. Plaintiff was not subsequently permitted by a labor arbitrator to fully present the history and environment of sexual discrimination and Defendant Ramsey failed to appear for the arbitration despite being subpoenaed to appear. Defendant the City of Philadelphia's attorneys objected to

the presentation of the history of sexual harassment and retaliation and argued that Plaintiff should present her claims via Title VII in federal court.

17. Plaintiff's former boyfriend, PPD Officer Michael Winkler, stalked Plaintiff's home and her person but PPD refused to respond or investigate the issue when Plaintiff was interviewed on April 16, 2015 regarding an incident when she was left bloodied and bruised by Winkler. Plaintiff also reported domestic violence but nothing was done and male colleagues of Winkler harassed Plaintiff via social media. As with so many other male officers, there was no investigation or discipline by Defendants until news media reported criminality on the parts of these males. Examples include Winkler, Christopher Hulmes, Richard DeCoatesworth, the Liciardello drugs gang (Thomas Liciardello, Michael Spicer, Brian Speiser, Perry Betts, and Linwood Norman), Jeffrey Walker, the Cujdik gang (including Jeffrey Cujdik and Thomas Tolstoy) accused of, *inter alia*, sexual assault. Defendant Ramsey's lack of action regarding male acts of criminality are in stark contrast to the action taken against Plaintiff and other female officers and supervisors within the PPD who have never been charged with a crime but Defendant Ramsey has purposefully and personally enacted differential discipline based upon gender.

18. Plaintiff internally complained about the discriminatory treatment and hostile work environment that she has suffered to direct supervisors and no other similarly placed employees have suffered similar ongoing discriminatory and retaliatory treatment but Plaintiff was not fully interviewed by Internal Affairs Division ("IAD") and the complaints were dismissed without any investigation on May 1, 2015.

19. Plaintiff properly performed her duty on a consistent basis upon return to work and since her prior gender discrimination settlement.

20. Plaintiff filed a charge of discrimination with the EEOC based upon gender and including claims of retaliation and hostile work environment on October 20, 2015.

21. An EEOC Right to Sue letter was sent as of Charge Number 530-2016-00510 on October 31, 2016 and was received several days later.

**COUNT ONE: 42 U.S.C. § 1983 VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT AGAINST ALL DEFENDANTS**

22. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23. Defendant the City of Philadelphia and its policymaker Defendant Ramsey have a custom and/or policy of disparately treating females when compared to male employees. With regard to female employees of the PPD, there is a *de facto* intentional policy of treating females, like Plaintiff, more harshly in terms of conditions of employment, in disciplinary contexts, and in retaliation for speaking out against unequal treatment.

24. Defendant the City of Philadelphia, through policymaker Defendant Ramsey, acts under a policy that treats female differently and treated Plaintiff differently when compared to other male officers. For example, Officer Richard DeCoatsworth shot civilians without justification, racially profiled citizens, and engaged in kidnapping and drug use and despite this, Defendant Ramsey stated that he should have helped DeCoateswoth. Deputy Commissioner William Blackburn would select photographs from private PPD files of female officers that he wanted to meet in an attempt to seduce them and would have his police aide drive to such meetings and no substantive disciplinary action resulted and Defendant Ramsey stated that he had full confidence in Blackburn. Defendant Ramsey promoted Chief Inspector Carl Holmes after Holmes was initially demoted for sexually assaulting an aide as well as at least four other sexual

discrimination lawsuits against Holmes. Lieutenant Anthony Washington had at least fourteen complaints of sexual harassment and/or sexual assault and was promoted with the imprimatur of Defendant Ramsey. Corporal Juan Vega, Plaintiff's initial sexual harasser, was allowed to initially stay in the same unit and then retire with full pension despite sexually harassing a subordinate (Plaintiff) and no effective disciplinary action was taken. Former PPD Chief Inspector, Evelyn Heath, prevailed in a lawsuit and has a present open case (Pa.E.D. 16-cv-5302) which alleges systematic differential treatment and retaliation within the PPD. Staff Inspector Jerrold Bates was accused of fondling and propositioning an aide. Male officers including Liciardello, Spicer, Betts, Norman, and Speiser were reinstated without arbitration despite systematic corruption and Defendant Ramsey stating that they were involved in one of the worst cases of police corruption that he had ever seen. Jeffrey Cujdik, Richard Cujdik, Thomas Tolstoy, and Robert McDonnell were all reinstated despite accusations or admissions relating to robbery, sexual assault, and tampering with evidence.

25. Defendant Ramsey used this policy to deliberately and personally perpetuate discrimination and retaliation against Plaintiff and also engaged in a deliberate practice of sexual discrimination and retaliation against Plaintiff. Defendant Ramsey was personally involved and acted under color law. Defendant Ramsey ignored Plaintiff's prior sexual harassment by Vega and other supervisors when he initially terminated Plaintiff and he ignored the PBI's recommendation and terminated Plaintiff in 2015 when Plaintiff had done nothing wrong and a male officer, Lieutenant Kevin Cooke, did the exact same thing as Plaintiff, made an accident report based upon information relayed by parties involved in a car accident. Defendant Ramsey's motivation was based upon retaliation and he was personally involved in the discriminatory practices which affected Plaintiff.

26. Defendant Ramsey acted under color of state law and Defendants' actions caused

economic, vocational, and psychological damages to Plaintiff for which Defendants should compensate Plaintiff.

**COUNT TWO: TITLE VII AGAINST DEFENDANT THE CITY OF PHILADELPHIA – DISCRIMINATION AND RETALIATION ON THE BASIS OF GENDER, HOSTILE WORK ENVIRONMENT, AND DISCHARGE**

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. All Defendants acted in a manner that led to the treatment of Plaintiff in a manner that was wholly at odds with similarly-situated male employees, Plaintiff suffered ongoing retaliation because of internal EEO complaints, underlying EEOC charge, prior gender discrimination lawsuit, and her complaints and requests for accommodation were ignored or led to further retaliation.

29. The harm suffered by Plaintiff was continuous, severe, and pervasive over all of the periods detailed from the time of settlement of her prior lawsuit on December 31, 2013 until her eventual termination and Plaintiff was unable to perform her work and was subjected to severe psychological injury.

30. Plaintiff received an appropriate right to sue letter from the EEOC.

31. As a result of Defendant the City of Philadelphia's discrimination and retaliation, Plaintiff suffered economic, vocational, and psychological damages for which Defendants should compensate Plaintiff.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1. Order Defendants to make Plaintiff, insofar as she was adversely affected by the described practices, whole by providing appropriate back pay and reimbursement for lost pay,

experience, and other benefits in an amount to be shown at trial. Grant Plaintiff emotional damages for pain and suffering that has resulted from Defendants' actions.

2. Grant Plaintiff her attorneys' fees, costs, and disbursements.

3. Grant Plaintiff pre-judgment and post-judgment interest.

4. Issue a Writ of Mandamus ordering the City of Philadelphia to reinstate Plaintiff with backpay and benefits because monetary damages cannot make Plaintiff whole and because the Defendants have engaged in the illegal practices alleged.

5. Grant Plaintiff punitive damages (Title VII against Defendant the City of Philadelphia and 1983 against Defendant Ramsey) because of the outrageous conduct alleged and to discourage similar future practices.

6. Grant additional relief as the Court deems just and proper including, but no limited to, punitive damages to counter the willful misconduct that Plaintiff suffered and to discourage future similar practices.

Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

January 30, 2017

Stephen T. O'Hanlon, Esquire
Bar ID # 208428
The O'Hanlon Law Firm, P.C.
2 Penn Center Plaza, Suite 1850
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: 267.546.9066
Fax: 215.567.1998
steve@ohanlonlawfirm.com
Attorney for Plaintiff